# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### HELENA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff. | Cause No. CR-18-5-H-CCL |
| -vs- | |
| **KATHERINE MARIE KRIEGER,** **a.k.a Katherine Marie Waayenberg,** | **ORDER** |
| Defendant. | |

Defendant Krieger moves the Court for compassionate release under 18 U.S.C. § 3582(c)(l)(A) (Doc. 34 and 37) in light of the COVID-19 outbreak.[1]  On January 22, 2021, the United States responded (Doc. 38) to Krieger's motion for compassionate release.  Krieger is serving a 57-month sentence for wire fraud and aggravated identity theft. *See* Amended Judgment (Doc. 26).  Krieger's projected release date is December 1, 2022. *Id.  See* Inmate Locator, www.bop. gov/inmateloc (accessed March 7, 2021).

---

[1]  Krieger filed her request for compassionate release on August 11, 2020, at Doc. 34.  That request was denied without prejudice at Doc. 36 because Krieger had not exhausted her administrative remedies.  Krieger exhausted her administrative remedies and renewed her request at Doc. 37.  The Court will consider the reasons for her request set forth in Doc. 34.

1

Krieger asks the Court to place her on home confinement because Phoenix

FCI had been on lock down since April 1, 2020, and on double lock down since

July 1, 2020, which prohibited Krieger from talking to her family, including her

two young children. Doc. 34. Krieger also complained about the conditions at

Phoenix FCI. *Id.* Krieger is now incarcerated at FMC Carswell in Texas. *See*

Inmate Locator, www.bop. gov/inmateloc (accessed March 7, 2021). Because

Krieger is now at FMC Carswell, the lockdown and conditions at Phoenix FCI are

no longer relevant. As of March 6, 2021, five inmates and three staff members at

FMC Carswell currently test positive for the virus or disease. 769 inmates and 1

staff member have recovered, but six inmates have died. *See* Interactive Map,

www.bop.gov/coronavirus (accessed March 6, 2021).

Under 18 U.S.C. § 3582(c)(1)(A), any sentence reduction must be consistent

with the corresponding policy statement in the Sentencing Guidelines. *See* 28

U.S.C. § 994(a)(2)(C), (t); U.S.S.G. § 1B1.13(3) (Nov. 1, 2018).[2] After

considering the sentencing factors in 18 U.S.C. § 3553(a), the Court may reduce

Krieger's sentence if "extraordinary and compelling reasons warrant such a

---

[2] The Court disregards the guideline's statements requiring a motion from the Director of the Bureau of Prisons because that requirement is now "contrary to the statute." *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 844 (1984); 18 U.S.C. § 3582(c)(1)(A) (authorizing court to act "upon motion of the defendant"); First Step Act of 2018, Pub. L. No. 115-391, tit. VI, § 603(b)(1), 132 Stat. 5194, 5239 (Dec. 21, 2018); *United States v. Wong*, 2 F.3d 927, 929–30 (9th Cir. 1993).

reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* U.S.S.G. § 1B1.13(1)(A). A defendant's medical condition may constitute an "extraordinary and compelling reason." *See* U.S.S.G. § 1B1.13 cmt. n.1(A). Krieger must also show that she "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Section 3142(g) requires the Court to consider, among other things, "the nature and circumstances of the offense" of conviction and "the history and characteristics of the person, including . . . the person's character [and] physical . . . condition." 18 U.S.C. § 3142(g)(1), (3)(A). Because § 3553(a) and § 3142(g) are similar, the Court considers them together under the second prong of the guideline.

In addition to the lockdown and conditions at Phoenix FCI, Krieger seeks home confinement "in accordance with the CARES Act and my nearing 50% time served, chronic kidney disease, high blood pressure, clear conduct, and minimum custody pattern score[.]"[3] Doc. 34. The Centers for Disease Control lists chronic kidney disease as a factor that *will* increase a person's risk of developing severe illness if she contracts COVID-19. High blood pressure *might* increase the risk. *See* Centers for Disease Control, *People with Certain Medical Conditions*,

---

[3] The Presentence Investigation Report at Doc. 28 ("PSR") does not mention "chronic kidney disease" or "high blood pressure." The PSR mentions that Krieger has a scar from a kidney stone surgery in 2009. Krieger's mother confirmed that Krieger suffers from three to four kidney stones per year.

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (accessed March 7, 2021).

As noted above, chronic kidney disease would increase Krieger's risk of developing severe illness should she contract COVID-19.  Krieger cannot choose for herself to take the recommended protective measures, and if she contracts COVID-19, her medical conditions will "substantially diminish[] [her] ability . . . to provide self-care," U.S.S.G. § 1B1.13 cmt. n.1(A).  Nor is it realistic for courts to condition compassionate release on the existence of an emergency at the defendant's facility.  When the virus is inside prison walls, it is too late for compassionate release, as potential releasees must be quarantined to avoid placing the community at risk.  *Cf.* U.S.S.G. § 1B1.13(2).  Considering all these facts, Krieger arguably meets the first prong of the guideline test.

As to the second prong, however, releasing Krieger at this time would denigrate the seriousness of her offense and undermine respect for the law. Krieger perpetrated an extensive and prolonged fraud scheme against a close personal friend, her then-husband, and the Montana Department of Transportation. She misled law enforcement to cover her tracks, claiming her identity had been stolen.  Finally, Krieger filed bankruptcy in 2016 to discharge her debts, claiming her debts were the result of identity theft.  Krieger does not satisfy the second

4

prong of the guideline.  Therefore, Krieger's motion is denied pursuant to 18 U.S.C. § 3553(a)(1) and (2) and U.S.S.G. § 1B1.13(2).

Accordingly, IT IS ORDERED that Krieger's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 34 and 37) is DENIED.

DATED this _9th_ day of March, 2021.

Charles C. Lovell
Senior United States District Judge

5